**Nina JONES et al., Plaintiffs-Appellees,**

v.

**Richard DAVIS et al.,
Defendants-Appellants.**

**No. 77–2254.**

United States Court of Appeals,
Ninth Circuit.

April 10, 1979.

James A. Redden, Atty. Gen., Salem, Or., for defendants-appellants.

Michael H. Marcus, Amy Veranth, Multnomah County Legal Aid Service, Portland, Or., for plaintiffs-appellees.

Before WRIGHT and ANDERSON, Circuit Judges, and SHARP,* District Judge.

PER CURIAM:

Davis brought a class action under 42 U.S.C. § 1983 seeking to enjoin the enforcement of Oregon's statutory and regulatory policy denying foster care eligibility to children placed by the state with foster parents related to them. The district court granted Davis' motion for summary judgment and attorney's fees, holding that Oregon's policy conflicts with §§ 401 and 408 of the Social Security Act, 42 U.S.C. §§ 601, 608.

The State appealed from both orders and we withheld submission pending disposition by the Supreme Court of *Youakim v. Miller,* 562 F.2d 483 (7th Cir. 1977). The appeal is now submitted and we affirm.

The decision of the Supreme Court in *Miller v. Youakim,* —— U.S. ——, 99 S.Ct. 957, 59 L.Ed.2d 194 (1979), is controlling on the first issue. The Court affirmed an order enjoining Illinois from differentiating related and unrelated foster parents in the payment of benefits. The district court did not err in granting summary judgment to Davis.

Did it err in awarding attorneys' fees? The state argues that such an award must be paid from funds in the state treasury in violation of the Eleventh Amendment. Congress set aside the immunity of a state from an award of fees, however, in the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *Hutto v. Finney,* 437 U.S. 678, 693, 700, 98 S.Ct. 2565, 2575–79, 57 L.Ed.2d 522 (1978). There has been no Eleventh Amendment violation.

AFFIRMED.

* For the Western District of Washington.